E-FILED
Friday, 30 January, 2026  01:32:15 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Chelsey Simmons, | ) | |
| | ) | Case No. 2:26-cv-02039 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OSF Healthcare System | ) | |
| and | ) | |
| Dr. Jomel Labayog, | ) | |
| | ) | |
| Defendants. | | |

COMPLAINT

NOW COMES Plaintiff, CHELSEY SIMMONS, by and through her attorney, and submits the following Complaint against Defendants, OSF HEALTHCARE SYSTEM and DR. JOMEL LABAYOG:

Parties and Venue

1.  Defendant, OSF[1] Healthcare System (hereinafter "OSF"), is a not-for-profit corporation.

2.  OSF is headquartered in Peoria, Illinois.

3.  Plaintiff, Chelsey Simmons, is a former employee of OSF.

4.  Simmons worked at OSF Bobette Steely Hegeler Cancer Care Center (hereinafter "the Cancer Center").

5.  Simmons worked for OSF from 2021-2025.

6.  At the time of the events described in this Complaint, Simmons was a Registered Nurse ("RN").

7.  Simmons earned her Master's Degree in December 2025 and  will take the Nurse Practitioner Board Exam in February 2026.

8.  At all times relevant, Defendant Dr. Jomel Labayog has been employed by OSF at the Cancer Center, as a Medical Oncologist.

---

[1] "Order of St. Francis"

1

<u>Jurisdiction</u>

9.    Federal jurisdiction exists because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, a federal law. Therefore, there is federal question jurisdiction under 28 U.S.C. § 1331.

10.    Supplemental jurisdiction exists for Plaintiff's Illinois Human Rights Act and Illinois Gender Violence Act claims because they are so related to her Title VII claim that they form part of the same case or controversy under Article III of the United States Constitution, under 28 U.S.C. § 1367.

11.    The Central District of Illinois has personal jurisdiction over OSF because its headquarters lies within the Central District of Illinois.

12.    The Central District of Illinois has personal jurisdiction over Dr. Labayog because he resides within the Central District of Illinois.

<u>Background Factual Allegations Common to All Counts</u>

13.    Simmons first met Dr. Labayog as his patient.

14.    Dr. Jomel Labayog is a man.

15.    Simmons is a woman.

16.    Simmons began working at OSF as a clinical RN in the Cancer Center, in September 2021, on an as needed basis (referred to as ("PRN[2]").

17.    At the Cancer Center, Dr. Labayog is the only physician.

18.    Simmons transitioned to working full-time as an RN in July 2022.

19.    In or around August 2023, Judith Miles (Nurse Manager) approached Simmons about becoming Dr. Labayog's nurse practitioner ("NP").

20.    Simmons told Miles she was interested in the position and inquired whether Dr. Labayog was aware of her inquiry.

21.    Miles stated that she and Dr. Labayog discussed the NP position, and both thought Simmons would be a great fit.

22.    Later, Simmons approached Dr. Labayog to discuss the NP position, and he confirmed he approved of it.

---

[2] *pro re nata*, in Latin

23.     As a result of these conversations, Simmons applied to Western Governors University's NP program to earn her Master's of Science in Nursing ("MSN").

24.     The application required letters of recommendation for admission to the program.

25.     Dr. Labayog and Judith Miles both submitted letters of recommendation on her behalf.

26.     In January 2024, Simmons started her educational program to become an NP.

<u>Sexual Harassment</u>

27.     In the late Summer/Fall of 2024, Dr. Labayog started making inappropriate comments to Simmons.

28.     They began in a way that could be defended as non-sexual. For example, he would tell her that he liked her hair or her nails.

29.     However, the comments turned overtly sexual with him asking, "How do I not see your underwear line in your scrub pants?"

30.     On November 8, 2024, Simmons and other co-workers from the Cancer Center, along with their spouses, attended a coworker's daughter's wedding, where she wore a dress that revealed a tattoo down her spine. The following week at work, Dr. Labayog stated, "Maybe one day I can see where your spine tattoo ends."

31.     The sexual harassment turned physical in December 2024.

32.     The last week of December 2024, as Simmons was drawing up medication for a patient in the supply room (alone) with her back to the door, Dr. Labayog came up behind her; told her he missed looking at her while he was on vacation for the last 3 weeks; sniffed her; and walked away.

33.     On January 13, 2025, Simmons was working in the front office as a triage nurse. She was sitting working on her computer with her back turned away from the door when she felt someone come up behind her and put their arms around her waist. She thought it was one of her female co-workers with whom she was friendly, so she reached up to see who it was and felt a man's head and facial hair. Realizing it was Dr. Labayog, she froze. He whispered, "Your ass looks so good today, and I can't stop looking at you." He then proceeded to kiss her cheek three times and walked away.

3

34.     On January 14, 2025, as Simmons was standing right inside the doorway of a private bay, talking to a patient and his wife, Dr. Labayog came up beside her, where his right shoulder and right arm were hidden behind her body, and he groped her butt as they were standing there talking to the patient and his wife.

35.     On January 14, 2025, Simmons told Dr. Labayog: "I respect my marriage, I respect you as my doctor, and I'm working really hard to be something in this office one day, so from here on out, you will not touch me again and will give me the same respect."

36.     Simmons immediately reported what Dr. Labayog had done to Judith Miles, Nurse Manager.

<u>Count 1: Against OSF under Title VII</u>

37.     Plaintiff repeats paragraphs 1-36 as if copied and pasted here.

38.     Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment on the basis of sex.

39.     In 1986, the Supreme Court held that sexual harassment that creates a hostile or abusive work environment is a form of sex discrimination prohibited by Title VII.

40.     Simmons was subjected to sexual harassment while at work at OSF that created a hostile or abusive work environment.

41.     OSF is liable to Simmons under Title VII.

42.     Simmons has been harmed by the sexual harassment that she suffered.

43.     Simmons exhausted her administrative remedies under Title VII by filing a charge at the EEOC (on August 13, 2025) and receiving a right-to-sue letter (on January 29, 2026).

WHEREFORE, Plaintiff requests that judgment be entered against Defendant, OSF Healthcare System, and that she be awarded all damages to which she is entitled, including but not limited to back pay and benefits, front pay, damages for emotional distress, punitive damages, and attorney's fees and costs.

<u>Count 2: Against Dr. Labayog under the Illinois Human Rights Act</u>

44.     Plaintiff repeats paragraphs 1-36 as if copied and pasted here.

4

45.    Under the Illinois Human Rights Act ("IHRA"), it is a civil rights violation for any employer[3], employee, or agent of any employer to engage in sexual harassment.

46.    Under the IHRA, sexual harassment means any unwelcome sexual advances, requests for sexual favors or any conduct of a sexual nature when: (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

47.    Dr. Labayog sexually harassed Simmons in each of these 3 ways listed in the IHRA.

48.    Dr. Labayog is liable to Plaintiff under the Illinois Human Rights Act.

49.    Simmons exhausted her administrative remedies under the Illinois Human Rights Act by filing a charge at the Illinois Department of Human Rights (on September 9, 2025) and receiving the right to opt out and commence a court action (on November 5, 2025).

WHEREFORE, Plaintiff requests that judgment be entered against Defendant, Dr. Jomel Labayog, and that she be awarded all damages to which she is entitled, including but not limited to back pay and benefits, front pay, damages for emotional distress, punitive damages, and attorney's fees and costs.

Count 3: against OSF and Dr. Labayog under Illinois Gender Violence Act

50.    Plaintiff repeats paragraphs 1-36 as if copied and pasted here.

51.    Under the Illinois Gender Violence Act, a person can bring a civil action for damages if she is the victim of one or more acts of physical aggression on the basis of her sex or physical intrusion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois (which includes physical contact of an insulting nature).

---

[3] Plaintiff's EEOC charge of discrimination against OSF was cross-filed at the IDHR, but the IDHR has not yet dismissed that cross-filed charge such that Simmons can bring claims under the IHRA against OSF at this time. She intends to file an amended complaint adding IHRA claims against OSF as soon as she gets that dismissal.

5

52.     Dr. Labayog committed acts in violation of this statute against Simmons on three occasions, as described above.

53.     Employers are liable under this Act when the interactions giving rise to the gender-related violence were committed by the employer's employee or agent; when the acts arise out of and in the course of employment (when the employee was performing her job duties); and when the employer failed to supervise, train or monitor the employee who committed the acts or failed to investigate complaints or reports of similar conduct and failed to take remedial measures in response to the complaints or reports.

54.     Dr. Labayog was OSF's employee or agent; his acts of "gender-related violence" happened while Simmons was working; and OSF failed to supervise, train or monitor him and/or failed to investigate prior reports of similar conduct and take remedial measures in response.

55.     OSF and Dr. Labayog are both liable to Plaintiff under the Illinois Gender Violence Act.

56.     Simmons was harmed by Defendants' violations of the Act.

WHEREFORE, Plaintiff requests that judgment be entered against both Defendants and that she be awarded all damages to which she is entitled, including but not limited to actual damages, damages for emotional distress, punitive damages, and attorney's fees and costs.

**Plaintiff demands trial by jury.**

*Submitted by:*

/s/ Julie Herrera
Law Office of Julie O. Herrera
231 S. LaSalle St., Suite 2100
Chicago, IL 60604
312-479-3014 (Phone)
708-843-5802 (Fax)
www.julieherreralaw.com
jherrera@julieherreralaw.com

Date: 1/30/26

6