E-FILED
Tuesday, 12 May, 2026  09:29:09 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| CHELSEY SIMMONS,<br>    Plaintiff,<br><br>v.<br><br>OSF HEALTHCARE SYSTEM and<br>JOMEL LABAYOG,<br>    Defendants. | Case No. 2:26-cv-2039 |

**Order**

Now before the Court is the Defendant, OSF Healthcare System's ("OSF") Motion to Dismiss Complaint (D. 7).[1] For the reasons set forth below, the Defendant's Motion is GRANTED.

**I**

On January 30, 2026, the Plaintiff, Chelsey Simmons, filed her three-count Complaint. (D. 1). On April 3, 2026, OSF filed the pending Motion to Dismiss. (D. 7). On April 24, 2026, Mrs. Simmons timely filed her response. (D. 15). The Motion is therefore ripe for disposition.

**II**

This case centers on Mrs. Simmons' allegations that she faced sexual harassment by co-Defendant, Dr. Labayog, while employed by OSF. Mrs. Simmons began her employment with OSF's Cancer Center in September of 2021 as a clinical registered nurse. Around August 2023, the Nurse Manager, Judith Miles, "approached Simmons about becoming Dr. Labayog's nurse practitioner." (D. 1 at ECF p. 2). Mrs. Simmons then reached out to Dr. Labayog about the potential fit, who

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

"confirmed he approved …." *Id.* Subsequently, Mrs. Simmons began a Masters program to become a nurse practitioner.

In the late Summer and Fall of 2024, the Plaintiff began experiencing an alleged barrage of sexual harassment from Dr. Labayog. For example, Dr. Labayog allegedly commented to Mrs. Simmons: "How do I not see your underwear line in your scrub pants?" (*Id.* at ECF p. 3). In November of 2024, Mrs. Simmons and Dr. Labayog both attended a wedding, at which Mrs. Simmons' dress "revealed a tattoo down her spine." *Id.* A week later, Dr. Labayog commented, "[m]aybe one day I can see where your spine tattoo ends." *Id.* In December of 2024, while Mrs. Simmons was working, she alleges that "Dr. Labayog came up behind her, told her he missed looking at her while he was on vacation the last 3 weeks, sniffed her, and walked away." *Id.* A month later, Dr. Labayog "came up behind" Mrs. Simmons, put his "arms around her waist", and whispered: "Your ass looks so good today, and I can't stop looking at you." *Id.* She further alleges that "[h]e then proceeded to kiss her cheek three times and walk away." *Id.* Lastly, on January 14, 2025, Mrs. Simmons alleges that "Dr. Labayog came up beside her … and he groped her butt as they were standing there talking to [a] patient and his wife." (*Id.* at ECF p. 4).

On the same day, Mrs. Simmons alleges that she told Dr. Labayog: "I respect my marriage, I respect you as my doctor, and I'm working really hard to be something in this office one day, so from here on out, you will not touch me again and will give me the same respect." *Id.* Mrs. Simmons then reported the incident to the Nurse Manager.

Now, Mrs. Simmons has filed a three-count Complaint against OSF and Dr. Labayog: Count One (Title VII, Against OSF); Count Two (Illinois Human Rights Act ("IHRA"), Against Dr. Labayog); and Count Three (Illinois Gender Violence Act ("IGVA"), against OSF and Dr. Labayog). In the pending Motion, OSF moves to dismiss Counts One and Three. Primarily, OSF argues that Mrs. Simmons has not plausibly alleged that Dr. Labayog was her supervisor, which undermines OSF's

liability under Title VII. Mrs. Simmons, of course, contends that she has made sufficient allegations on that score, and has otherwise stated plausible claims.

### III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

### IV

The Court will address in turn the two claims OSF seeks to dismiss: Counts One and Three.

### A

Under Count One, Mrs. Simmons alleges that she "was subjected to sexual harassment while at work at OSF that created a hostile or abusive work environment."

(D. 1 at ECF p. 4). In turn, she alleges that "OSF is liable to Simmons under Title VII." *Id.*

In its Motion, OSF argues that the Complaint fails to allege that Dr. Labayog is Mrs. Simmons' supervisor. Further, OSF avers that Mrs. Simmons also fails to allege that OSF was "negligent in discovering or remedying the harassment." (D. 8 at 4). Without plausibly alleging at least one of those two scenarios, argues OSF, the Complaint fails to state a Title VII claim against OSF. In response, Mrs. Simmons argues that whether Dr. Labayog was a "supervisor" is a question of fact that cannot be answered until after discovery.

To succeed on a Title VII sexual harassment claim, a plaintiff must plead and ultimately prove that "(1) [s]he was subjected to unwelcome sexual conduct, advances, or requests; (2) because of h[er] sex; (3) the acts were severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability." *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010). Employer liability hinges on "whether the alleged harassment was perpetrated by supervisors or coworkers." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) (quoting *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011)). If the alleged harasser is a plaintiff's supervisor, the employer "is strictly liable for his harassment." *Id.* If the alleged harasser is "merely a coworker," then the employer is liable "only if it was 'negligent either in discovering or remedying the harassment.'" *Id.* (quoting *Vance*, 646 F.3d at 470).

**1**

As to whether Mrs. Simmons has plausibly alleged that Dr. Labayog was her supervisor, the Court finds that the Complaint falls short. To qualify as a supervisor, one must possess (or, at this juncture, be plausibly alleged to possess) "the power to directly affect the terms and conditions of the plaintiff's employment." *Jajeh v. Cty. of Cook*, 678 F.3d 560, 568 (7th Cir. 2012) (quoting *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 848 (7th Cir. 2008). Here, the Complaint simply lacks facts from which

4

an inference of this sort could be drawn. Mrs. Simmons is correct that, ultimately, the question of whether one qualifies as a supervisor or a co-worker is a question of fact. But to create that question of fact, a plaintiff must first at least *allege* the existence of a supervisor (with plausible factual support). Then, with the benefit of discovery and evidence, the Court or jury can ultimately decide whether that allegation is adequately supported.

Here, Mrs. Simmons lacks those threshold allegations. In terms of her employment relationship with Dr. Labayog, she alleges only that she was his "nurse practitioner," and that he wrote her a letter of recommendation for her Masters program. (D. 1 at ECF p. 2). But a supervisor under Title VII "denotes more than an individual with a higher rank, a superior title, or some oversight duties." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 390 (7th Cir. 2010). Rather, one must allege that the putative supervisor had the "the authority to hire, fire, promote, demote, discipline or transfer a plaintiff." *Nischan*, 865 F.3d at 930. Mrs. Simmons' allegations, meanwhile, suggest only that Dr. Labayog was a doctor and Mrs. Simmons was a nurse practitioner. The Complaint does not otherwise allege that, via that relationship, Dr. Labayog had the authority to "directly affect the terms of [Mrs. Simmons'] employment." *Nischan*, 865 F.3d at 930 (quoting *Jajeh*, 678 F.3d at 568).

Thus, the Court cannot find a plausible allegation that Dr. Labayog was Mrs. Simmons' supervisor. On this score, the Defendant's Motion is granted without prejudice. To be clear, perhaps those facts can be plausibly alleged; but the current iteration of the Complaint does not include allegations from which that inference can be reasonably drawn. If Mrs. Simmons can, however, offer good faith allegations to that effect, she is entitled to do so in a timely-filed amended complaint.

## 2

Similarly, the Complaint fails to allege that OSF was "'negligent either in discovering or remedying the harassment.'" *Id.* (quoting *Vance*, 646 F.3d at 470). The only relevant allegation is that in January of 2025, Mrs. Simmons reported

Dr. Labayog's alleged misconduct to the Nurse Manager. There are no allegations of misconduct after that report; if *any* inference could be drawn from that allegation, it is that OSF perhaps remedied the harassment. Moreover, there are no allegations that OSF should have discovered this mistreatment sooner, that any harassment took place after Mrs. Simmons reported it to OSF, that OSF acted in a negligent manner after Mrs. Simmons complained to the Nurse Manager, that anyone besides Mrs. Simmons witnessed the alleged harassment, or any other allegations that approach this negligence standard. *Cf. McGinnis v. United States Cold Storage*, No. 16-CV-8841, 2018 WL 2320930, at *6 (N.D. Ill. May 22, 2018) (denying motion to dismiss hostile work environment claim where the plaintiff alleged "that on numerous occasions his supervisors witnessed his coworkers' misconduct and failed to act"); *Ross v. UChicago Argonne, LLC*, No. 18 CV 4200, 2020 WL 2041338, at *8 (N.D. Ill. Apr. 28, 2020) ("The facts in Ross's second amended complaint plausibly suggest that Chief Hyland, as well as several other employees at Argonne, knew of the alleged harassment by Kara in 2017 and 2018 and failed to address it. This is sufficient to establish a basis for employer liability, at least at the motion to dismiss stage.").

Similarly, then, OSF's motion is granted as to this argument without prejudice. If Mrs. Simmons can plausibly allege OSF's negligence to discover and/or remedy the harassment, she may do so in an amended complaint.

**B**

Next, the Court turns to Count Three, brought under the IGVA. "With the … federal claim dismissed, this court has discretionary jurisdiction over the supplemental state-law claims." *Leggette v. Dr Pepper/Seven Up, Inc.*, No. 22 CV 2376, 2022 WL 6750261, at *2 (N.D. Ill. Oct. 11, 2022) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). In this circumstance, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Insurance Cos., Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994). Consequently, we

dismiss without prejudice Count Three. *See Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021) ("Without a federal claim in the case, the district court appropriately dismissed Plaintiffs' state law claims without prejudice, thereby relinquishing subject matter jurisdiction over the remaining claims.").

If Mrs. Simmons files an amended complaint with a plausibly alleged Title VII claim, the Court will reconsider exercising supplemental jurisdiction over this IGVA claim.

V

For the reasons set forth above, the Defendant's Motion to Dismiss (D. 7) is GRANTED. The Plaintiff shall have fourteen days to amend her Complaint consistent with this Order.

*It is so ordered.*

Entered on May 12, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE