E-FILED
Tuesday, 12 May, 2026  10:00:56 AM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

CHELSEY SIMMONS,
    Plaintiff,

v.

OSF HEALTHCARE SYSTEMS and
JOMEL LABAYOG,
    Defendant.

Case No. 2:26-cv-2039

**Order**

Now before the Court is the Defendant, Jomel Labayog's Motion to Dismiss Complaint (D. 11).[1] For the reasons set forth below, the Defendant's Motion is GRANTED.

**I**

On January 30, 2026, the Plaintiff, Chelsey Simmons, filed her three-count Complaint. (D. 1). On April 3, 2026, Dr. Labayog filed the pending Motion to Dismiss. (D. 11). On April 24, 2026, Mrs. Simmons timely filed her response. (D. 16). The Motion is therefore ripe for disposition.

**II**

This case centers on the Plaintiff's allegations that, while working for co-Defendant OSF Healthcare Systems, she was sexually harassed by Dr. Labayog. To address her alleged harm, the Plaintiff filed a three-count complaint: Count One (Title VII, against OSF); Count Two (Illinois Human Rights Act ("IHRA")

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

against Dr. Labayog); and Count Three (Illinois Gender Violence Act ("IGVA"), against both Defendants).

Prior to the pending Motion, OSF filed its own motion to dismiss. (D. 7). In the order granting that motion, the Court dismissed the Plaintiff's Title VII claim without prejudice for failure to state a claim. (D. 17). In turn, because Title VII is the only basis for federal jurisdiction in this case, the Court also dismissed Count Three for lack of subject matter jurisdiction.

Here, for the same reasons, Dr. Labayog's Motion is due to be granted. Both of the claims Dr. Labayog seeks to dismiss are state-law claims: Count Two is under the IHRA, and Count Three is under the IGVA. "With the … federal claim dismissed, this court has discretionary jurisdiction over the supplemental state-law claims." *Leggette v. Dr Pepper/Seven Up, Inc.*, No. 22 CV 2376, 2022 WL 6750261, at *2 (N.D. Ill. Oct. 11, 2022) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). In this circumstance, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Insurance Cos., Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994). Consequently, we dismiss without prejudice Counts Two and Three. *See Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021) ("Without a federal claim in the case, the district court appropriately dismissed Plaintiffs' state law claims without prejudice, thereby relinquishing subject matter jurisdiction over the remaining claims.").

Of course, if the Plaintiff timely files an amended complaint, the Defendant may again raise the other arguments it includes in this Motion to Dismiss. But for now, the Court need not reach those arguments, because the Court lacks subject matter jurisdiction over the claims.

**III**

For the reasons set forth above, the Defendant's Motion to Dismiss (D. 11) is GRANTED. The Plaintiff shall have fourteen days to amend her Complaint consistent with this Order.

*It is so ordered.*

Entered on May 12, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE